

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| JOE JOHNSON | § |
| | § |
| Plaintiff, | § |
| | § |
| Vs. | § CIVIL NO. 8:15-cv-00558-PWG |
| | § |
| EXPERIAN INFORMATION | § |
| SOLUTIONS, INC. | § |
| | § |
| Defendant. | § |

### MOTION TO REMAND, OR IN THE ALTERNATIVE, FOR RECONSIDERATION

Plaintiff, Joe Johnson, pursuant Rules 59(a)(2) and (e) of the Federal Rules of Civil Procedure and 28 U.S.C. §1447(c), hereby moves this Honorable Court to vacate the judgment in this case and remand to the Circuit Court for Prince George's County on the ground that this Court lacks federal removal jurisdiction over Plaintiff's state-law claims, or in the alternative, to reconsider the issue of collateral estoppel in light of the state court's most recent decision in the case that which this Court relied to give preclusive effect to bar Plaintiff's claims in this case.

I.  **INTRODUCTION**

This case was originally filed in the Circuit Court for Prince George's County, Maryland on January 9, 2015. On February 26, 2015, Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") removed the case to this Court on the sole basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. (ECF No. 1). On November 17, 2015, the Court issued a Memorandum Opinion and Order dismissing Johnson's claims as barred under the doctrine of collateral estoppel based on the disposition in a case filed in the Circuit Court for Prince George's County styled as *Johnson v. Premiere Credit of N. Am., LLC (Cir. Ct. Prince George's Cnty. 2014)*, referenced by the Court in its Memorandum Opinion as *Johnson IX*. (ECF No. 31).

For the reasons stated more fully below, the dismissal should be vacated and this case remanded to the Circuit Court for Prince George's County for lack of federal jurisdiction because the Defendant has failed to establish true diversity. Moreover, the amount in controversy does not exceed the $75,000 minimum requirement necessary to invoke federal diversity jurisdiction. In the alternative, the Court should reconsider the decision to dismiss this case on collateral estoppel grounds because the state court's most recent ruling in the *Johnson IX* case precludes a finding that it has preclusive effect to bar the present case.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

Johnson brought this action against Experian for violations of the Maryland Consumer Credit Reporting Agencies Act and alleged several theories for recovery, including a claim for: a) Defamation, b) Libel, and c) Intentional Infliction of Emotional Distress. (ECF No. 2). The Civil Intake Sheet filed simultaneously with Johnson's original Complaint in the Circuit Court for Prince George's County estimated the value of this case to be in the range of $7,500 to $50,000. (ECF No. 2-1). On the face of the original Complaint, Johnson sought compensatory damages "*on all of his claims* in the amount of $50,000", plus punitive damages, statutory damages and attorneys' fees. (ECF No. 2, Penultimate Paragraph). Experian removed the action to this Court on the sole basis of diversity jurisdiction and alleged in its removal papers that "as it appears from the papers filed in the State Court Action by Plaintiff that Plaintiff is seeking more than $75,000.00 in damages, based on Plaintiff's request for actual, compensatory, punitive damages, and other relief, the amount in controversy in the State Court Action exceeds the sum of $75,000.00, exclusive of interest and costs." (ECF No. 1, Notice, at ¶8-9). Johnson moves to remand because Experian has failed to establish that true diversity exist between the parties and because the amount in controversy does not exceed $75,000 and because Experian is bound by

the State Court's previous determination that Johnson's claim based on the same operative facts was a "small claim" and therefore the amount in controversy is far less than $75,000. Alternatively, Johnson seek reconsideration of the dismissal of this case in light of the State Court's ruling that the denial of the motion for partial summary judgment filed in *Johnson IX* pursuant to Maryland Rule 2-501 "was not dispositive, …" Therefore *Johnson IX* should not have been given preclusive effect to bar the claims against Experian in the present case.[1]

### III. **STANDARD OF REVIEW**

The United States Supreme Court held in *Steel Co. v. Citizens for a Better Environment,* "that Article III jurisdiction is always an antecedent question" to be answered prior to any merits inquiry. 523 U.S. 83, 101, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998). The Court emphasized that in order to dismiss a claim for failure "to state a cause of action" a court must have "power to adjudicate the case." *Id.* at 89, 118 S. Ct. 1003. Therefore, such a dismissal cannot be issued "before resolving a dispute" concerning jurisdiction. *Id.* at 92, 118 S. Ct. 1003. The right of removal from state court to federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S. Ct. 35 (1921). Thus, subject matter jurisdiction may be raised at any time either by a party or by the court *sua sponte*. *Carlisle v. United States*, 517 U.S. 416, 434 (1996). When a defendant removes an action originally filed in state court to federal court, "significant federalism concerns" are raised. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, removal jurisdiction must be strictly construed. *Id.* "While it offends

---

[1] For purpose of this Motion, reference to *Johnson III, IV* and *IX* have the same meaning set forth in the Court's Memorandum Opinion and Order dated November 17, 2015. (ECF No. 31).

one's sense of fairness and disrupts the efficient administration of the courts when a party waits for an unfavorable outcome before questioning subject-matter jurisdiction, a long line of federal cases accords unique status to challenges to subject matter jurisdiction." *Fanzel v. Kerr Mfg. Co.*, 959 F.2d 628,629 (6th Cir. 1992). In *Link Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536 (D. Md. 2000), Judge Alexander Harvey of this Court described the inquiry as such:

> At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction. Federal courts possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Sapperstein*, 119 F. Supp. 2d at 538-39 (internal citations omitted); *Mulcahey*, 29 F.3d at 151 (holding that "the burden of establishing federal jurisdiction is placed upon the party seeking removal" (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921))). Whenever "federal jurisdiction is doubtful, remand is necessary." *Mulcahey*, 29 F.3d at 151.

IV. **LEGAL ARGUMENT**

a. **Removal Jurisdiction Under 28 U.S.C. §1332 Does Not Exist Because The Record Does Not Support The Conclusion That The Parties Are Of Diverse Citizenship.**

On the outset, it should be noted that Experian's allegation that this Court has supplemental jurisdiction over Johnson's common law claims pursuant to 28 U.S.C. §1367 has no merit. (ECF No. 1, Notice, at ¶10). Johnson's claims neither arise out of federal law nor invoke any type of federal question. Rather, all of Johnson's claims in the original complaint arise under Maryland state statutes and state common law. No federal claims are alleged in the original Complaint that Experian removed. Therefore, the only possible basis for asserting federal removal jurisdiction over this case is pursuant to 28 U.S.C. §1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

4

In the present case, the original complaint filed by Johnson in State Court does not specify Johnson's citizenship as of the time of filing the complaint in the state court. *Kellam v. Keith*, 144 U.S. 568 (1892)(ordering remand and holding it must affirmatively appear from the removal petition, or elsewhere in the record that diversity existed at the commencement of suit, not merely at the time of removal.) A cursory read of the original complaint filed in State Court reveals that this case lacks complete diversity because it merely alleges that Johnson "is a *resident* of Prince George's County in Fort Washington, Maryland" and lists a post office box address in Maryland but section 1332(a)(1) demands diverse *citizenship*, not diverse *residency*. *Kessler v. Home Life Ins. Co.*, 965 F. Supp. 11, 12 (D. Md. 1997)("Ordinarily, the existence of subject matter jurisdiction based on diversity of citizenship is determined . . . on the face of [] the complaint."). As the Supreme Court has consistently held, state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). The existence of citizenship cannot be inferred from allegations of mere *residence*, standing alone. *See, e.g., Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925)("The bill alleges that ... appellee [is] a 'resident' of Michigan. This is not sufficient allegation of appellee's Michigan citizenship."); *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1982)("It was held by this court from the beginning that an averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the [diversity] jurisdiction, because in the common use of words a resident might not be a citizen, and therefore, it was not stated expressly and beyond ambiguity that he was a citizen of the State ... The same rule has been maintained to the present day ...");

*Robertson v. Cease*, 97 U.S. 646, 648 (1978)("Looking, then, at the pleadings, and to such portions of the transcript as properly constitute the record, we find nothing beyond the naked averment of Cease's residence in Illinois, which, according to the uniform course of decision in this court, is insufficient to show his citizenship in that State. Citizenship and residence, as often declared by this court, are not synonymous terms.") In this action, the original complaint filed in the State Court does not specify Johnson's citizenship and allegations of *residence is not prima facie proof of citizenship for diversity purposes. Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660 (4th Cir. 1998)(declining to accept conclusory allegations of residence as prima facie proof of citizenship for diversity purposes and collecting cases on similar points.) Nor is the listing of a post office box sufficient to establish that a person is a citizen of that state. *Martinez v. Martinez*, 62 F. App'x 309, 313-14 (10th Cir. 2003)(asserting that plaintiff's listing a post-office box as his address was insufficient to establish a foundation for diversity jurisdiction over her state-law claims). There are no facts in the record to conclude that Johnson is or was a "citizen of Maryland". The most that can be said is that Experian merely alleged in its removal petition that Johnson "is and was an individual citizen of the State of Maryland" in order to feign jurisdiction at the time the removal was filed. *Wolde-Meskel v. Vocational Project Cmty. Servs., Inc.*, 166 F.3d 59, 63; *Lee v. Empire Ins.*, 2009 WL 2160437, at *3 (E.D. La. July 15, 2009).

Moreover, based on Experian's Disclosure of Corporate Interest statement filed in this case, (EFC No. 7), "[t]he ultimate parent company of Experian is Experian plc". For purpose of diversity jurisdiction, the citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020,

6

1021-22 (11th Cir. 2004). To sufficiently allege the citizenship of a limited liability company, Experian should have been required to allege in its removal papers the state of citizenship of each individual member of "Experian plc" prior to concluding that diversity existed between the parties. The record sets forth neither the names nor the citizenship of any of the members of "Experian plc." Having also failed to "affirmatively and distinctly" make such allegations, Experian has failed to establish diversity jurisdiction.

### b. Removal Jurisdiction Under 28 U.S.C. §1332 Does Not Exist Because The Amount In Controversy Is Not In Excess Of The $75,000 Jurisdictional Minimum.

Even if Experian had established by record support that the parties were of diverse citizenship; however, the amount in controversy does not meet the jurisdictional minimum. Despite the fact that the Civil Intake Sheet filed with Johnson's original Complaint in the State Court estimated the value of this case to be in the range of $7,500 to $50,000, and the fact that the State court already ruled that Johnson's claims were for less than $30,000, Experian alleges in its removal papers that, "… the amount in controversy in the State court Action exceeds the sum of $75,000.00, exclusive of interest and costs." [2] Irrespective of Experian's allegations, the Court should confine its inquiry to the specific amount alleged by Johnson, along with potential punitive and statutory damages, and attorneys' fees. The Fourth Circuit has not determined the exact standard to be applied in ascertaining the amount in controversy in diversity cases. *Momin*

---

[2] As the Court noted in its Memorandum Opinion and Order, on August 13, 2014, Johnson first filed suit against Experian in the District Court for Prince George's County. *Johnson v. Experian Info. Solutions, Inc.*, No. 050200190302014 (D. Ct. Prince George's Cnty. filed Aug. 13, 2014). Johnson then amended his complaint and sought a jury trial. Opp'n 15. At a hearing held on December 22, 2014, the District Court made a factual determination on Experian's motion to strike filed in State Court that Johnson's claim against Experian based on these same facts was a "small claim action" for less than $30,000. *See,* Plaintiff's **Exhibit A-2**, December 22, 2014 Hearing Transcript, at pages 14-16. Experian is bound by that decision. *See, Simmons v. Bank of Am. N.A.*, 2014 WL 509386, at n.2 (D. Md. Feb. 6, 2014).

v. *Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 n.2 (D. Md. 2002). However, this Court has reasoned that:

> [i]n determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint. Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed. If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

*Momin*, 205 F. Supp. 2d at 509-10 (internal citations omitted).

Johnson alleged a specific damages amount of $50,000 in the original Complaint. This amount is clearly below the jurisdictional minimum. Further, at the time of filing this case, Johnson estimated the value of this case to be no more than $50,000. Since Johnson has claimed a specific amount of damages; the burden is on Experian to show a *legal certainty* that Johnson's claims exceed the jurisdictional minimum. Experian cannot meet its burden primarily because the State Court has already ruled that Johnson's claims based on these same facts were for less than $30,000 and this Court is bound to give preclusive effect to the state court's determination on the same issue presented here. *See Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).

Moreover, although Johnson requested punitive and statutory damages, and attorneys' fees, there is nothing in the record that the damages could potentially exceed $75,000. Indeed, Maryland Rule 2-305, required that Johnson include a clear statement of the damages sought, and the original Complaint filed in the State Court plainly alleged that Johnson seek damages "*on all of his claims* in the amount of $50,000". (ECF No. 2, Penultimate Paragraph).

Thus, the amount in controversy is clearly less than $75,000 and provides no basis for diversity removal jurisdiction.[3]

Even if the less stringent preponderance of the evidence standard was applied, Experian still could not meet its burden. While it is true that Johnson could *potentially* recover more than $50,000, Experian simply cannot prove this by a preponderance of the evidence. Instead, Experian must speculate that the amount could exceed the jurisdictional minimum; however, "[a] speculative argument regarding the potential value of the award is insufficient." *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (D. Cal. 1998); *See also, Covert v. Automotive Credit Corp.*, 968 F.Supp.2d 746 (D. Md. 2013).

Simply put, since Johnson has alleged specific damages in the original Complaint in an amount less than $75,000, and at the time of filing this case in State Court explicitly estimated the value of this case to be no more than $50,000, the burden rests with Experian to show to a *legal certainty* that Johnson's claims exceed the jurisdictional minimum; however, as explained above, Experian is unable to shoulder its heavy burden because it is bound by the State Court's previous determination that Johnson's claims based on these same operative facts was a "small claim action" for less than $30,000 and therefore forecloses federal removal jurisdiction.

c. **The Amended Complaint May Not Be Used to "Create Jurisdiction Retroactively" Where Jurisdiction Did Not Exist At The Time of Removal Of The Original Complaint.**

Johnson's amendment filed in this case on April 14, 2015 [ECF No. 17] after the case had been removed from State Court on February 26, 2015, may not be used as a basis to "create jurisdiction retroactively" where diversity jurisdiction was lacking when the notice of removal

---

[3] The Committee note to Rule 2-305 states that: "If the amount sought exceeds $75,000, a general statement to that effect is necessary in order to determine if the case may be removed to a federal court based on diversity of citizenship. A specific dollar amount must be given when the damages sought are less than or equal to $75,000 because the dollar amount is relevant to determining whether the amount is sufficient for circuit court jurisdiction or a jury trial."

9

was filed in this Court.[4] Whether removal is appropriate must be determined **at the point when the notice of removal is submitted.** *See In re Shell Oil Co.*, 966 F.2d 1130 (7th Cir. 1992) and 970 F.2d 355 (7th Cir. 1992) (per curiam); *See also, Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424 (7th Cir. 1997). It follows that diversity removal jurisdiction is determined at the time of filing. *Grup Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). Thus, this court was without jurisdiction to entertain Experian's dispositive motion because it lacked subject-matter jurisdiction over the original Complaint that purportedly invoked jurisdiction. *Benn v. Seventh-Day Adventist Church*, 304 F.Supp.2d 716 (D. Md. 2004); *See Aetna v. Casualty and Surety Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986). Accordingly, the dismissal of this case should be vacated and this case remanded to State Court from which it was removed.

d. **The Court Should Reconsider the Decision to Dismiss Johnson's Claims Based on Collateral Estoppel Because the State Court Clarified That The Denial Of The Motion For Partial Summary Judgment Filed In *Johnson IX* Pursuant To Maryland Rule 2-501 "Was Not Dispositive" And Therefore *Johnson IX* Does Not Have Preclusive Effect.**

Even if the Court were to find that it had federal diversity removal jurisdiction; however, the Court should alternatively reconsider its decision to dismiss Johnson's claims based on collateral estoppel because the Circuit Court for Prince George's County clarified in a subsequent Order that the denial of the motion for partial summary judgment filed in *Johnson IX* pursuant to Maryland Rule 2-501 "was not dispositive, …" *See*, Plaintiff's **Exhibit A-3**. This Court gave preclusive effect to the decision in *Johnson IX* to bar the present case against Experian. *See*, (ECF No. 13, Memo. Op. at Page 12). Specifically, the Court stated "[t]he burden is on Experian to demonstrate that collateral estoppel applies to give preclusive effect to the court's decision in *Johnson IX*." *Id.* at 13.

---

[4] The amended complaint does not allege a basis for federal jurisdiction nor does it allege Johnson's citizenship. (*Id.*, at ¶2).

In its Memorandum Opinion, the Court stated that "[t]he issue of whether Johnson settled his student loans debts as they relate to Johnson's current claims against Experian [was] identical to the issue previously decided in *Johnson IX* of whether Johnson settled his student loans debts as they relate to Xerox Education Solutions LLC and its affiliates." *Id*. However, without addressing the core issue of whether Experian had established that Johnson in the present case was indeed one in the same as the 'Joseph Johnson, Jr.' that was in litigation in *Johnson IX*, the Court found that Experian had demonstrated that all five required elements of collateral estoppel were present.[5] Although the Court in *Johnson IX* had not written an opinion explaining its reasoning with respect to denying the motion for partial summary judgment filed by Joseph Johnson, Jr. in that case or the granting of Xerox's motion for summary judgment; however, on May 20, 2015, the Court in *Johnson IX* issued an Order clarifying that the "denial of a motion for summary judgment filed pursuant to MD Rule 2-501 **is not dispositive, because it leaves open for further discovery and litigation the issues and claims argued in that motion**." (Emphasis added). *Id*. Thus, even if the issue of whether Johnson had settled his student loan debt as they relate to Johnson's current claims against Experian is identical to the issue raised in *Johnson IX* of whether Johnson settled his student loan debt as they relate to Xerox Education Solutions LLC and its affiliates, however, the issue was *not* actually resolved in *Johnson IX*.[6]

Moreover, as this Court correctly observed in its Memorandum Opinion, even though the circuit court in *Johnson IX* did not issue a written opinion explaining its order, however, it is clear from the circuit court's subsequent Order of May 20, 2015 that it did not reject Johnson's

---

[5] The issue of whether Johnson in the present case was the same as 'Joseph Johnson, Jr.' was contested and addressed in the State Court at a hearing on the Defendant's motion to strike. *See*, Plaintiff's **Exhibit** A-2, December 22, 2014 Hearing Transcript, at Pages 7-10.

[6] The May 20, 2015 Order in *Johnson IX* is a matters of public record of which the court may take judicial notice. *See Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395 (4th Cir. 2006).

11

claim that he had a settlement agreement that discharged his student loan obligations. Therefore, the issue of whether there was a valid settlement agreement was not resolved in *Johnson IX* because as the State Court in *Johnson IX* explained, the denial of the motion for partial summary judgment filed in that case pursuant to Maryland Rule 2-501 was not dispositive, because it left open for further discovery and litigation *the issues and claims* argued in that motion.

Even absent the subsequent May 20th Order in *Johnson IX,* the Court of Special Appeals' decision in *Johnson v. Xerox Educ. Solutions LLC*, No. 436 (Md. Ct. Spec. App. Sept. Term 2013, filed May 22, 2014) (unreported) ("Johnson IV Appeal"), Def.'s Mot., Ex. 5, ECF No. 22-5 would be instructive on whether *Johnson IX* has preclusive effect to bar Johnson's claims against Experian in the present case. For example, in *Johnson III,* the Texas district court in an electronic order denied a Rule 60b motion filed by 'Joseph Johnson, Jr.' in that case without issuing a written opinion explaining its order. The defendants in *Johnson IV* relied on the denial of the Rule 60b motion to argue that it had preclusive effect in that case. On appeal, the Court of Special Appeals disagreed and stated that "[b]ut although it is clear that Johnson raised the common issues in his Rule 60 motion, it is not clear that the Texas district court made any factual determinations related to the purported settlement agreement. At least one authority has cautioned that a party cannot claim the benefit of collateral estoppel where the prior court's denial of a Rule 60(b) motion does not specify whether it reached the merits. *Lundborg v. Phoenix Leasing, Inc.*, 91 F.3d 265, 271-72 (1st Cir. 1996)." *Johnson IV Appeal*, No. 436, at *16.

The Court of Special Appeals in the *Johnson IV Appeal* held that "because the Texas district court denied Johnson's motion without opinion, *we cannot say that the factual issues regarding the purported settlement agreement were actually litigated and determined for purpose of collateral estoppel*." (Emphasis added) *Id.*

This same rationale should apply to the facts presented here because, like the Texas district court in *Johnson III*, the court in *Johnson IX* initially did not issue a written opinion explaining its reasoning with respect to either denying the motion for partial summary judgment filed by Joseph Johnson, Jr. or the granting of Xerox's motion for summary judgment. However, as the Court of Special Appeals reasoned in the *Johnson IV Appeal*, "it cannot be said that the factual issue of whether Johnson settled his student loans debts as they relate to Xerox Education Solutions LLC and its affiliates was actually resolved in *Johnson IX*."

In any event, because the circuit court in *Johnson IX* ultimately clarified and explained in its subsequent order of May 20, 2015 that the denial of the motion for partial summary judgment filed in that case pursuant to Maryland Rule 2-501 was *not* dispositive, because it left open for further discovery and litigation *the issues and claims* argued in that motion, there can be no basis for which to give *Johnson IX* preclusive effect to bar Johnson's claims against Experian in the present case and the dismissal on collateral estoppel grounds should therefore be vacated.

V.    **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this case be remanded to the Circuit Court for Prince George's County, Maryland. In the alternative, that the Court vacate the dismissal and deny Defendants' motion since based on the reasoning of the State Court in its May 20, 2015 Order in *Johnson IX*, that case should not be given preclusive effect to bar the claims in the present case against Experian.

Respectfully submitted,

Joe Johnson
Post Office Box 441572
Fort Washington, MD  20749
240-605-9921

13

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2015, a true and correct copy of the foregoing Motion was served on all parties and counsel of record by regular first class mail; postage prepaid and will also be served electronically through the Court's ECF filing system at the time of filing and docketing in this Court.

_____
Joe Johnson