# IN THE DISTRICT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| JOE JOHNSON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXPERIAN INFORMATION SOLUTIONS, ) <br> INC. ) <br> ) <br> Defendant. ) | Case No.: 8:15-cv-00558-PWG |

## HEARING

| | |
|---|---|
| DATE: | December 22, 2014 |
| BEFORE: | JUDGE ERIK NYCE |
| APPEARANCES: | JOE JOHNSON, PRO SE <br> *On Behalf of Plaintiff* |
| | SANDY BARON, ESQUIRE <br> Shulman, Rogers, Gandal, Pordy & Ecker, P.A. <br> 12505 Park Potomac Avenue, 6th Fl <br> Potomac, MD  20854 <br> *On Behalf of Defendant* |
| TRANSCRIBER: | YVONNE M. RUSSMAN |

| | |
|---|---|
| 1 | BEGIN AUDIO 1:55:45 p.m. |
| 2 | THE COURT: So, I've got the two trials and then I've got the motions. Is |
| 3 | that right? Did they send all of the trials out? No. |
| 4 | THE CLERK: No. |
| 5 | THE COURT: It hasn't gone out yet. All right. So, we'll do the motions. |
| 6 | There's two cases. One of <u>Joe Johnson v. TransUnion, LLC</u> and the second one s |
| 7 | <u>Joe Johnson v. Experian</u>. |
| 8 | MR. BARON: Yes, Your Honor. I'm Sandy Baron for the record only on |
| 9 | behalf of Experian Information Solutions, Inc. |
| 10 | THE COURT: Is there anybody for TransUnion? Anybody? You're for |
| 11 | Experian, is that right? |
| 12 | MR. BARON: I'm here only for Experian. |
| 13 | THE COURT: Okay. All right, and you're Mr. Johnson? Is that right? |
| 14 | MR. JOHNSON: That is correct, Your Honor. There is actually two issues I |
| 15 | want the Court to address this morning. |
| 16 | THE COURT: Okay, well, all right, yes. What do you want -- |
| 17 | MR. JOHNSON: Well, one of them as it pertains to this particular case is, |
| 18 | the first issue is Mr. Baron, just before we came before the Court, was observed by |
| 19 | me videotaping me for whatever reason, and I found that inappropriate. |
| 20 | THE COURT: All right. |
| 21 | MR. JOHNSON: So I asked him -- |
| 22 | MR. BARON: Did not tape him or take his picture. |
| 23 | THE COURT: Okay. All right. |
| 24 | MR. BARON: Your Honor, I would -- |
| 25 | THE COURT: -- Next, next question. |

1    MR. BARON: Okay.

2    MR. JOHNSON: Okay, and that's all I have on that particular issue. I just
3    wanted to address the Court.

4    THE COURT: All right.

5    MR. JOHNSON: Thank you for letting me know that. All right. Yes. So, in
6    this matter, and there were actually three cases which you filed, Mr. Johnson, back in
7    September. It looks like you filed in the Small Claims. One of them actually went
8    up to Circuit Court. The other two, the clerks had asked me, since I'm one of civil
9    coordinating judges, about that issue and so I flagged the two cases and so,
10   essentially, I have two before me, the Joe Johnson v. TransUnion and Joe Johnson v.
11   Experian, and so I know that Mr. Baron had filed a Motion to Strike the Amended
12   Complaint and to Strike the Jury Trial. So, Mr. Johnson, what do you want to tell me
13   about this?

14   MR. JOHNSON: Well, Judge, I think the, when I filed the, originally filed
15   the, this case against Experian, --

16   THE COURT: Okay.

17   MR. JOHNSON: -- it was filed as a Small Claims, --

18   THE COURT: Right.

19   MR. JOHNSON: -- and then I tried to contact the defendant so that we could
20   discuss the case and I never heard from the defendant. So, on September 30th,
21   within less than 15 days, more than 15 days --

22   THE COURT: Right.

23   MR. JOHNSON: -- before the scheduled October 20th trial date, then I
24   amended the Complaint to add additional cause of action --

25   THE COURT: Okay.

| | |
|---|---|
| 1 | MR. JOHNSON: -- and increasing the amount of the damage above the |
| 2 | $15,000 jurisdiction threshold. |
| 3 | THE COURT: Understood. Well, let me ask you this. You filed as a Small |
| 4 | Claim which indicates to me that you felt at that particular time that you had |
| 5 | substantial justification that the case was a Small Claim based upon what you were, |
| 6 | were alleging the injury cost you. So, what changed between the time that it was a |
| 7 | Small Claim and the time when you decided that you would file the Amended |
| 8 | Complaint asking for a significant amount more money. |
| 9 | MR. JOHNSON: That is because Experian continued to report this erroneous |
| 10 | information that has, that I continue to dispute and my, my, the thing was is to bring |
| 11 | all of the claims that I had at that time. So, I believe that under the statutes, that I'm, |
| 12 | I was entitled to demand a jury trial since I was entitled to amend the Complaint at |
| 13 | least once as a matter of course, and so I don't, I think that the issue of whether or |
| 14 | not if the amount, the amount reaches a, the jurisdiction of a Circuit Court, is a, was |
| 15 | a -- |
| 16 | THE COURT: Well, that's a separate issue, but right now, you filed your |
| 17 | original Complaint on August 13, 2014. Then the defendant filed their Notice of |
| 18 | Intention to Defend on August 28th. So, call that 15 days later. Then, a month later, |
| 19 | you filed an Amended Complaint which increased the jurisdiction to, I don't |
| 20 | remember if it was $30,000. Is that -- |
| 21 | MR. JOHNSON: Yes, Your Honor. |
| 22 | THE COURT: Okay. |
| 23 | MR. JOHNSON: It was for $30,000. |

| | |
|---|---|
| 1 | THE COURT: So, how did your case go from, in other words, what damage |
| 2 | did you incur during those 45 days that amounted to a total of $20,750, if I got that |
| 3 | right. |
| 4 | MR. JOHNSON: Judge, I think that's, that's, as I explained earlier, that's |
| 5 | based on their continuing to report this, this information on these credit bill reports |
| 6 | and on the credits -- |
| 7 | THE COURT: When was the first time they reported information against |
| 8 | you? |
| 9 | MR. JOHNSON: I, I don't have that information right before me, Judge, but |
| 10 | I think what I wanted to ask the Court to consider is the fact that once a jury demand |
| 11 | has been demanded in a case, that any issues relating to that is, is, the Court has to |
| 12 | decide whether or not if I'm entitled to that jury trial, and if so, -- |
| 13 | THE COURT: Well, isn't there -- |
| 14 | MR. JOHNSON: -- whether or not -- |
| 15 | THE COURT: -- isn't there a statutory waiver provision contained in the |
| 16 | Maryland Rules? In other words, if you, if you haven't filed it with your initial |
| 17 | Complaint, then it's considered waived under Maryland Rule 3-325, I think is the |
| 18 | Rule. 3-325. So, it's considered a waiver, and this Court has jurisdiction under 3- |
| 19 | 325 to make a decision whether or not you filed your Amended, you filed your jury |
| 20 | demand in a timely manner. |
| 21 | MR. JOHNSON: That is correct, Judge, but I think what I, what I would ask |
| 22 | the Court is that it considers the fact that, as I argued, argued earlier is that once |
| 23 | there' a timely demand and regardless of the amount in controversy, the Court can't |
| 24 | reach that specific issue regarding -- |

1   THE COURT: That's not what the Maryland Rule says. The Maryland Rule
2   says that this Court reserves the right to make a determination whether or not it was
3   filed timely, which is what we're dealing with because it was not filed with, with the
4   original Complaint.
5   MR. JOHNSON: That is, that is correct, Judge, but they, I think the issue,
6   the areas, is once it was filed as a Small Claims and as the Court know, you can't
7   demand a jury trial with a Small Claims, and that's, unless it exceeds $15, unless the
8   claim is $15,000 or above. When I, the case was originally filed, I can't, that was, it
9   was no way that you can demand a jury trial under the statute on a $2,500 claims.
10  THE COURT: But you're the one that made the decision that you wanted to
11  file it as $2,500. In other words, you're the one that came up with that number. You
12  filed it. You waited until the defendants in each of these matters had filed Notice of
13  Intention to Defend and then you upped the stakes without really -- so far, you
14  haven't told me any basis, substantial or otherwise, as to why you, it went from a
15  $2,500 Small Claim to a $30,000 claim. So, --
16  MR. JOHNSON: And Judge, as I just pointed out earlier, it's based on the
17  fact that Equifax, I'm sorry, Experian continued to report the derogatory information
18  on the credit report and they disclosed the same inaccurate information to a number
19  of different creditors, which caused me to be denied credit for automobile loans,
20  mortgages, --
21  THE COURT: All right. When --
22  MR. JOHNSON: -- and I --
23  THE COURT: -- did you apply for automobile loans and mortgages?
24  MR. JOHNSON: All of this was, I applied for this after the suit was filed.
25  THE COURT: Okay, so, all right, and you have evidence of that?

Hearing Transcript 12 22 14

| | |
|---|---|
| 1 | MR. JOHNSON: Yes, I do, Your Honor, but it's, I'm not prepared to present |
| 2 | the -- |
| 3 | THE COURT: Well, it's not the trial date. |
| 4 | MR. JOHNSON: -- the amount of damages right now. |
| 5 | THE COURT: All right. Anything else you want to tell me about, about |
| 6 | why you filed your Amended Complaint and any other factual basis for it? |
| 7 | MR. JOHNSON: The Amended Complaint, Judge, was based on the |
| 8 | increased amount of damages that I have foreseen that I have incurred as a result of |
| 9 | subsequent events that occurred after the filing of the Complaint, and so based on |
| 10 | that, I felt it appropriate to demand a jury to increase the amount of the, the claim of |
| 11 | damages and demand a jury trial in that case. |
| 12 | THE COURT: All right. Let me just - yes, sir, what do you want to tell me? |
| 13 | MR. BARON: Your Honor, to address your first question -- |
| 14 | THE COURT: You can have a seat, Mr. Johnson. |
| 15 | MR. BARON: -- to Mr. Johnson, the Complaints are absolutely identical. |
| 16 | The only difference in the Complaints is that in the Amended Complaint, -- |
| 17 | THE COURT: There's a different -- |
| 18 | MR. BARON: -- there's a -- |
| 19 | THE COURT: -- cause of action, I think. |
| 20 | MR. BARON: It's an additional cause of action for intentional infliction of |
| 21 | emotional distress based upon the same set of facts of the original Complaint. So, |
| 22 | there's no change in the substance whatsoever. Now, simply because he adds |
| 23 | another claim is of no importance because it doesn't change the nature of the case as |
| 24 | it's set forth in the cases that we cited to you in our Opposition to the Motion, the |
| 25 | Motion for, Opposition to Plaintiff's Motion to Transfer, for Jury Trial. It's the facts |

Hearing Transcript 12.22.14

1  that have to change, not the claims that change, and as the claims haven't changed

2  because they're all set, all based upon the same operative set of facts. Now,

3  additionally, Your Honor, the reason Mr. Johnson brought up the picture at the very

4  beginning is there's another --

5  MR. JOHNSON: Your Honor, I'm going to object to him talking --

6  THE COURT: Well, let's not --

7  MR. JOHNSON: -- about getting the issues outside that.

8  THE COURT: -- worry about that since --

9  MR. BARON: Well, the reason, one of my arguments would be is that I

10 believe this gentleman is also known as Joseph Johnson, Jr. and there's plenty of

11 cases regarding that gentleman. I believe it's the same --

12 THE COURT: Are you --

13 MR. BARON: -- name.

14 THE COURT: -- also Joseph Johnson, Jr.?

15 MR. JOHNSON: Judge, I'm going to object to --

16 THE COURT: Are you also --

17 MR. JOHNSON: -- making it --

18 THE COURT: -- Joseph Johnson, Jr.?

19 MR. JOHNSON: I'm Joe Johnson as the Complaint states, Judge.

20 THE COURT: Okay. All right. All right. Well, be that as it may, all right,

21 yes. Anything else?

22 MR. BARON: And so what I'm, to read the point I make, a Joseph Johnson,

23 Jr., which I believe's the same person, doesn't want to be in Federal Court at all in

24 these cases because he's not doing well in Federal Court. In fact, one Federal Court

25 --

| | |
|---|---|
| 1 | MR. JOHNSON: Judge, again, I'm going to object to anything -- |
| 2 | THE COURT: Well, you can object but -- |
| 3 | MR. JOHNSON: -- that he's -- |
| 4 | THE COURT: -- I'm listening to it and then I'll let you respond to it. |
| 5 | MR. BARON: And maybe you should ask better questions. Is he the same |
| 6 | Joseph Johnson, Jr. who sued the U.S. Department of Education where there was a |
| 7 | ruling at 580 et sup. 2nd 154 in 2008. That's the question that -- |
| 8 | THE COURT: Are you, are you that individual? |
| 9 | MR. JOHNSON: I'm going to object to that, Your Honor. |
| 10 | THE COURT: Are you that individual? |
| 11 | MR. JOHNSON: I'm not that individual. |
| 12 | THE COURT: You're not? |
| 13 | MR. JOHNSON: I'm Joe Johnson. |
| 14 | THE COURT: Okay. |
| 15 | MR. JOHNSON: -- as outlined in the Complaints. |
| 16 | THE COURT: Okay. You're not the individual who filed that in, that was |
| 17 | addressed in that Federal Court litigation? You're a different person? |
| 18 | MR. JOHNSON: I don't, I have not seen what he's referring to and so I -- |
| 19 | THE COURT: Okay. |
| 20 | MR. JOHNSON: -- will say I'm, no, I'm not that individual. |
| 21 | THE COURT: All right. |
| 22 | MR. JOHNSON: I don't care to see that, Sir. |
| 23 | THE COURT: Okay. All right. |

Case 8:15-cv-00558-PWG   Document 33-4   Filed 12/01/15   Page 10 of 17
Plaintiff's Exhibit A-2
10

1   MR. BARON: Well, anyway, Your Honor, the point I'm making is, when he

2   filed the original Small Claims Court action, he had the choice, he had the elective,

3   he didn't have to keep the $2,500 or $5,000 and he could have prayed for a jury --

4   THE COURT: Well, let me ask you this. If it's a small claim, can you, can it

5   be removed to Federal Court --

6   MR. BARON: Yes.

7   THE COURT: -- based on the Fair -- it could be removed even if it --

8   MR. JOHNSON: It could have had.

9   THE COURT: Hold on.

10   MR. BARON: It could have been removed.

11   THE COURT: If it, even if it's for a very small claim?

12   MR. BARON: It could have been removed.

13   THE COURT: Okay. All right.

14   MR. BARON: I don't deny that.

15   THE COURT: So, okay.

16   MR. BARON: But the client Experian Information Solutions, Inc. elected

17   not to remove it based upon Mr. Johnson's Complaint of only, of below, of the Small

18   Claims and a non-jury. They made that decision.

19   THE COURT: Okay.

20   MR. BARON: Now, as soon as they made that decision, he then amends it

21   because now he feels he's going to take advantage of that failure to remove to

22   increase the amount. That is how Experian Information Solutions, Inc. is prejudiced

23   by the amendment, and that's why we filed the timely Motion to Strike. Now, in

24   addition to that, he didn't pray a jury trial with the underlying Complaint, and the

25   Rule is very specific. It has to be filed with the Complaint, and he didn't.

Hearing Transcript 12.22.14

1    THE COURT: Correct.

2    MR. BARON: And he could have. So, he waived it, but more importantly,

3    Your Honor, Experian Information Solutions, Inc., if I can call them Experian for

4    simple, chose not to remove it based upon the allegations in the Complaint and based

5    upon the amount, and they shouldn't be prejudiced because Mr. Johnson has come

6    up with some type of strategy to try to keep his cases out of the Federal Court.

7    THE COURT: All right. So, Mr. Johnson, how do you respond to that?

8    MR. JOHNSON: Well, Judge, I would, first I would like to file this Trial

9    Memorandum so that --

10   THE COURT: Sure.

11   MR. JOHNSON: -- if the Court could take it.

12   THE COURT: I'll be glad to look at it.

13   MR. JOHNSON: May I approach?

14   THE COURT: Sure. All right. So, so their problem is that when you filed it

15   in Small Claims, they relied upon that and they didn't elect to pursue their rights in

16   Federal Court for removal and then you indicated that you filed the Amended

17   Complaint 45 days later. I took a look at the Complaint, and the Complaint suggests

18   that you suffered tort damages in October of 2013 and then again in April of 2014,

19   but your Amended Complaint, despite the knowledge that you purportedly suffered

20   damages, purportedly suffered damages some time after August 13, 2014, it doesn't

21   really indicate any of that in the Amended Complaint.

22   MR. JOHNSON: Judge, when the Amended Com -- well, first of all, I'd like

23   to address the Court on --

24   THE COURT: Okay.

1  MR. JOHNSON: -- the issue relating to what the Department issue. As far

2  as them, Experian alleging prejudices, it's just ridiculous. They had enough time to

3  remove this case as a federal question because I clearly allege a violation of the Fair

4  Credit Reporting Act. They had sufficient time --

5  THE COURT: Okay, well, that's true.

6  MR. JOHNSON: -- to remove that. So, they have not demonstrated that they

7  have been prejudiced by even the filing of the Amended Complaint, which is

8  allowed as a matter of due course and to amend it within 15 days prior to that trial

9  date, and I was allowed to do that. Now, as far as determining whether or not if the

10  jury demand is timely based on the Amended Complaint, if it stands, which I see, I

11  believe the Court should allow it to stand because there's no prejudices demonstrated

12  here --

13  THE COURT: Well, it's not --

14  MR. JOHNSON: -- and --

15  THE COURT: -- a matter of prejudice, it's a matter of what, if it's not timely

16  then it's considered waived, and generally the courts are pretty strict about that.

17  MR. JOHNSON: But --

18  THE COURT: For example, if defendant had wanted a jury trial and they

19  filed it a day late, that case would stay here, so yours is approximately 45 days after

20  the time in the Rules for filing it.

21  MR. JOHNSON: That, well, then I guess then, Your Honor, that goes back

22  to the original case. When the original case was filed, the question then becomes

23  whether or not if there was an entitlement to a jury demand, and based on the article,

24  I think, 1404, you can, plaintiff may not demand a jury trial unless the amount of the

25  controversy exceeds $15,000. The moment the Complaint was amended on

1   September the 30th, that triggered the, allowed and carried with it the opportunity for

2   both the plaintiff and the defendants to then demand a jury trial, and because I

3   demanded the jury trial at the time that Amended Complaint was filed, I believe that

4   the demand for jury trial was timely, and further I would add, Judge, that the Court

5   of Appeals has hailed that a District Court does not have jurisdiction to decide the

6   amount in controversy when the issue before the Court is whether or not if the jury

7   trial is timely or not, and I would cite, the case that I would cite to the Court, too.

8   It's on Pg. 3 of the Memorandum if the Court cares to look at that, Judge.

9       THE COURT: I've, I'm familiar with the case.

10      MR. JOHNSON: Okay.

11      THE COURT: I have it right up here and I'm familiar with the Rule which

12  was also promulgate by the Court of Appeals which basically says the Court, this

13  Court, the District Court, can decide whether or not the jury demand was timely, and

14  the Rule, with respect to when a jury demand has to be filed is clear. It has to be

15  filed with the initial Complaint.

16      MR. JOHNSON: It just --

17      THE COURT: So --

18      MR. JOHNSON: May I? May I elaborate on that, Judge? Is that, when the

19  initial Complaint was filed as $2,500, as the Court knows, you cannot demand a jury

20  trial on a $2,500 claim because it does not divest the juris -- District Court

21  jurisdiction over the case. It has to be, the amount in controversy has to be $15,000

22  or above in order for a, any parties in any case can demand a jury trial and because a

23  Complaint was filed within 15 days of the scheduled trial date, then back then on

24  October 20th, I believe that the jury demand was timely when it was filed with the

25  Amended Complaint, and I ask --

1   THE COURT: So what you're saying is that you can file an, you can, on
2   your own self, determine that a small claims is a reasonable method to proceed, then
3   cause a defendant to miss their opportunity to file a jury demand, then you file an
4   Amended Complaint with a jury demand, which is outside of what the Rules say you
5   do and then all of the sudden say that the damages are increased even though you
6   have not shown any facts as to why you filed the Amended Complaint. So, first of
7   all, let's make one thing clear. I've made my decision up that the jury demand is
8   untimely. It's not filed with the initial Complaint. Now, I'm interested in finding
9   out whether or not the Amended Complaints in both the <u>Joe Johnson v. Experian</u> and
10  <u>Joe Johnson v. TransUnion</u> should be stricken because they're without substantial
11  justification. So, why don't you tell me whatever you want to tell me about what
12  changed between when you filed the initial suit for $2,500 and then you decided that
13  the cases were all of the sudden in 45 days later, they're worth $27,500 more.

14  MR. JOHNSON: Judge, excuse me, as I've explained earlier is that when the
15  case was initially filed, it was based on events that occurred prior to the filing of the
16  Complaint.

17  THE COURT: Okay.

18  MR. JOHNSON: After the Complaint was filed, there was a number of
19  things that Experian and TransUnion did as far as reporting that caused me to be
20  denied credit and other opportunities that I would have had had they had corrected
21  those issues. So, what I did was amended the Complaint to account for additional
22  damages in the, this case, and so that is why the Amended Complaint was filed in
23  both the TransUnion and Experian cases.

Plaintiff's Exhibit A-2

15

1   THE COURT: And I saw you filed a reply, and let me just look at the reply
2   real quick. I mean, you didn't cite anything in your Amended Complaint that you'd
3   incurred additional damages.
4   MR. JOHNSON: And --
5   THE COURT: And you didn't cite anything in your reply that you incurred
6   additional damages, so --
7   MR. JOHNSON: Judge, the reason I didn't respond or make any allegation
8   of, as a reference to the Complaint because as I told you earlier is that the case that I
9   was relying on is the fact that the Court of Appeals says that the District Court, the,
10  Rule 35 -- Rule 325(c) makes no provision for the District Court to evaluate the
11  amount in controversy prong of the jury trial demand, so based on that and the case
12  that supports that, I did not feel that it was appropriate for me to address any issues
13  relating to the amount of, in controversy because I would, I was under the
14  understanding that by amending the Complaint as I had the right then to do, before,
15  because it was more than 20 days, more than 15 days before the scheduled trial date.
16  I was entitled to amend it to account for the damages and events that occurred after
17  the filing of the initial Complaint. Now, as far as prejudice is concern, I think the
18  defendants have a high burden of establishing that they were prejudiced by the filing
19  of the amendment, and as they had admitted to the Court is that they could have
20  removed this case to the, and that's the only basis they rely on is the fact that they
21  lost the opportunity to remove it to Federal Court. As counselor admits, he could
22  have, defendants could have, if they chose to, remove this case to the Federal Court
23  the moment they were served. They made a strategic decision not to remove the case
24  and by them not doing that, they left the, me with the opportunity to amend the
25  Complaint in the District Court. Whether or not it would, the case will eventually

1 | move to Federal Court or not, I was still entitled to that right to amend the Complaint
2 | to account for dis -- for additional damages.
3 | THE COURT: All right. Well, the right to amend the Complaint is a matter
4 | -- generally, the Rule 3-341 generally allows liberal amendment of Complaints.
5 | However, in this matter, I don't really find that you proffered, either in any of your
6 | documents, either in the Amended Complaint, either in anything that you've told me
7 | here, any basis for filing the Amended Complaints. Therefore, the Amended
8 | Complaints in Joe Johnson v. TransUnion and Joe Johnson v. Experian will be
9 | stricken. So, you're left with your Small Claim action in each of these cases and you
10 | all, I'm going to have this matter set for trial before me so you all are welcome to
11 | contact this office and the clerk and clear a date before me in the next 60 to 90 days.
12 | MR. BARON: Thank you, Your Honor.
13 | MR. JOHNSON: All right.
14 | THE COURT: Do you want to go to the Clerk's Office now and clear a
15 | date?
16 | MR. JOHNSON: Judge, that, we could do that. That's fine.
17 | THE COURT: Okay. All right.
18 | MR. BARON: Your Honor, again, the reason I'm going to suggest no is
19 | because I've got to clear it with some, the witnesses --
20 | THE COURT: Okay.
21 | MR. BARON: -- who will be coming in from --
22 | THE COURT: That's fine with me.
23 | MR. BARON: -- the west area.
24 | THE COURT: Do you want to clear dates with Mr. Johnson and then just get
25 | back to me?

Hearing Transcript 12.22.14

1    MR. BARON: Yes, that would be fine.

2    THE COURT: Okay. So, Mr. Johnson, can you communicate with Mr.
3    Baron to clear a date and get back to me?

4    MR. JOHNSON: Sure, Your Honor.

5    THE COURT: Okay, so --

6    MR. BARON: Okay, we'll do that and next, within the next weekend, we'll
7    give you and your clerk a call.

8    THE COURT: Yes. Okay, good. Do you know the chambers number? At
9    least you can find it out.

10   MR. BARON: I can find it out, Judge.

11   THE COURT: Yes, I think it's 2986040.

12   MR. BARON: I know Judge Boyd, Ms. Boyd's number, so --

13   THE COURT: Okay, if you have that. You call her then. You can arrange
14   it. All right. Good luck to you all.

15   MR. BARON: Thank you, Your Honor.

16   MR. JOHNSON: Thank you.

17   THE COURT: Thank you very much.

18   END AUDIO - 2:18:45